UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT DARYL ROLLINS, | ) |
| Petitioner, | ) |
| v. | ) Case No. 13-1256 |
| RICARDO RIOS, Warden, | ) |
| Respondent. | ) |

# O R D E R

This matter is now before the Court on Petitioner, Robert Daryl Rollis' ("Rollins"), Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  For the reasons set forth herein, his Petition [1] is DISMISSED.

FACTUAL BACKGROUND

Following a jury trial, Rollins was found guilty of four counts of bank robbery and four counts of using or carrying a firearm in relation to a crime of violence in the United States District Court for the Northern District of Illinois.  He was sentenced to an aggregate sentence of approximately 106 years, consisting of 78 months' imprisonment for each bank robbery conviction to run concurrently to each other and 25 years' imprisonment on each of the firearm convictions to run consecutively to each other and to the sentences on the bank robbery convictions.  On appeal, his conviction and sentence were affirmed by the Seventh Circuit Court of Appeals.

Rollins pursued a motion to vacate or set aside his conviction pursuant to 28 U.S.C. § 2255 in the Northern District of Illinois in 2003, arguing: (1) he received ineffective assistance of counsel; (2) the court erred in denying his pro se motion to dismiss; (3) the government suborned perjury; (4)

the evidence at trial was insufficient to support his convictions; and (5) the prosecutor committed misconduct. The Motion was denied. A second § 2255 motion was dismissed in 2009.

Rollins has now brought this petition pursuant to § 2241 claiming that he was denied effective assistance of counsel and received an excessive sentence for his firearms convictions. This Order follows.

## DISCUSSION

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a defendant is challenging the fact or duration of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 490, 93 S.Ct. 1827 (1973); *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994). The writ of habeas corpus may be granted where the defendant is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. 2241(c)(3).

In this § 2241 Petition, however, Rollins does not challenge the circumstances of his confinement. Rather, he attacks the validity of his sentence and asks this Court to resentence him. Accordingly, this Petition involves a collateral attack on Rollins' conviction, which would traditionally be brought pursuant to 28 U.S.C. § 2255. However, Rollins has previously pursued § 2255 relief and is now barred from pursuing further relief under that section unless first obtains permission from the Court of Appeals to bring a second or successive motion or qualifies as one of the few instances in which petitioners may seek collateral relief under § 2241. Gray-Bey v. United States, 209 F.3d 986, 988-90 (7th Cir. 2000); In re Davenport, 147 F.3d 605, 610-12 (7th Cir. 1998).

In Davenport, the Seventh Circuit held that a federal prisoner should be permitted to seek collateral relief under § 2241 "only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." 147 F.3d at 611. To be allowed to proceed, three additional conditions must

also be met: (1) the change of law has to have been made retroactive by the Supreme Court; (2) it must be a change that eludes the permission in section 2255 for successive motions; and (3) "change in law" is not to be equated to a difference between the law in the circuit in which the prisoner was sentenced and the law in the circuit in which he is incarcerated. Id. at 611-12.

First, the Court notes that the only thing that could possibly be construed as Rollins' explanation of why he believes that he can proceed under § 2241 is his reliance on United States v. Alleyne, 133 S.Ct. 2151 (2013). However, the Seventh Circuit has clearly held that Alleyne does not apply retroactively to cases on collateral review, as the Supreme Court has not declared such retroactive application, and no other court has the authority to do so. Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013). Accordingly, Rollins' reliance on Alleyne is futile.

It is therefore unclear how Rollins allegedly had "no reasonable opportunity to obtain earlier judicial correction of the purported defects," particularly as he raised ineffective assistance claims in his first § 2255 motion. Nor does he identify any change in law made retroactive by the Supreme Court for the reasons discussed above.

Thus, it would appear that § 2255 was neither inadequate nor ineffective to test the validity or legitimacy of his conviction and sentence. Accordingly, Rollins' § 2241 petition constitutes an improper attempt to avoid the procedural limitations and requirements attendant to motions brought under § 2255 and is not the type of situation that the Seventh Circuit contemplated in establishing the narrow avenue for certain collateral claims to be reviewed under § 2241. Having failed to meet the prerequisites established in Davenport, he is not entitled to proceed under § 2241, and his petition must be dismissed without prejudice.

CONCLUSION

For the reasons stated herein, Rollins' Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [1] is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction. This matter is now terminated.

ENTERED this 10th day of January, 2014.

s/ James E. Shadid
James E. Shadid
Chief United States District Judge